COURT OF APPEALS 
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-417-CV

DIANA KRELL                                                                        APPELLANT 
 
V.
 
PETRINA DENISE SMITH,                                                          APPELLEE 
TEMPORARY ADMINISTRATOR OF
THE ESTATE OF CHAD SMITH,
DECEASED                                                                                            
 
------------
 
FROM THE 
PROBATE COURT OF DENTON COUNTY 
 
------------
 
MEMORANDUM OPINION


 
 
------------
        Appellant Diana Krell appeals from the trial court’s judgment on the jury
verdict that she and Chad Smith, deceased, were not common-law married. In
two issues, Diana argues the trial court abused its discretion in excluding the
testimony of two witnesses regarding statements Chad made to them about his
relationship with Diana. We affirm.
        Determining whether to admit or exclude evidence is a matter that falls
within the trial judge's sound discretion.


 We do not disturb a trial judge's
evidentiary ruling absent an abuse of discretion.


 A trial judge abuses his
discretion when he acts arbitrarily or unreasonably or without reference to any
guiding rules or principles.


 If error exists, the party asserting the error has the
burden to show the error probably caused the rendition of an improper
judgment.


 To show harm, the excluded evidence must be controlling on a
material issue and not cumulative of other evidence.


 A successful challenge
to evidentiary rulings usually requires the complaining party to show that the
judgment turns on the particular evidence excluded or admitted.


 We determine
whether the case turns on the evidence excluded by reviewing the entire
record.


 “When an appellant complains of the allegedly improper admission of
testimony, but cannot meet its appellate burden to show how the testimony,
even if improperly admitted, was calculated to cause and probably did cause
the rendition of an improper judgment, the appellate court need not reach the
merits of the appellant's complaint.”



        Diana contends that the following testimony was wrongly excluded:
• Sandra Howell’s testimony that Chad made the following
statements referring to Diana: (1) “you know how wives
are”; (2) “in my eyes we [are married]. I don’t need a piece
of paper.” The second statement was made in response to
Sandra asking Chad when he and Diana planned on getting
married. Sandra was a work friend of Chad’s.
 
• Cathy Krell’s testimony that during a telephone
conversation she had with Chad, he told her that he and
Diana “wanted to live the rest of their lives together as
husband and wife.” Cathy is Diana’s mother.

The testimony was proffered to the trial court during rule 104 hearings. Tex.
R. Evid. 104. The estate objected to the admission of Sandra’s testimony as
hearsay and as inadmissible under the Dead Man’s Statute. Tex. R. Evid. 601. 
The trial court excluded Sandra’s testimony pursuant to rule 601. The estate
objected to Cathy’s testimony as hearsay, and the trial court appears to have
excluded it as hearsay and under rule 601.
        Although Diana has presented arguments on appeal as to why the trial
court erred in excluding the evidence, she has not demonstrated, argued, or
even contended in her brief that the trial court’s rulings excluding the evidence
at issue resulted in an improper judgment. By failing to argue or contend that
she suffered harm as a result of the trial court’s rulings, Diana has failed to
meet her burden of proof by presenting grounds for reversal on appeal. 
Furthermore, our review of the record in this case does not lead us to believe
that an improper judgment probably resulted due to the exclusion of the above
testimony. 
        Similar and stronger evidence was admitted at trial that showed Chad had
referred to Diana as his wife, and the jury still found that Chad and Diana were
not informally married.


 For example, Bob Krell testified that Chad told him
that he and Diana did not need a formal marriage because they were already
married. Jeff and Rebekah Daugherty, acquaintances of Bob Krell, both
testified that at the wedding of Bob and Cathy Krell, Chad was asked why he
and Diana did not have a formal wedding ceremony. In response, Chad stated
in front of five people that he did not need a piece of paper to prove that he
was married to Diana because they were “already married.” Other evidence
was also admitted purporting to show that both Chad and Diana held
themselves out as a married couple and that people who knew them thought
they were married. Because other competent evidence on the issue of whether
an informal marriage existed was admitted at trial, we hold that the exclusion
of the challenged testimony did not result in the rendition of an improper
judgment and overrule appellant’s two points on appeal.
        We affirm the trial court’s judgment.
 
                                                                          PER CURIAM
PANEL F:   DAUPHINOT, GARDNER, and WALKER, JJ.
                GARDNER, J. concurs without opinion.
DELIVERED: September 18, 2003